UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ALFRED SINCERNY, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF WALNUT CREEK, et al., <br><br> Defendants. | Case No.17-cv-02616-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 40 |

Pending before the Court is a motion to dismiss the First Amended Complaint by Defendants City of Walnut Creek ("the City"), Ryan Hibbs, Lee Herrington, Ashley Roskos, and one "Officer Adams." Dkt. No. 40. Plaintiff Paul Sincerny filed his initial complaint on May 5, 2017. Dkt. No. 1. Defendants moved to dismiss that complaint on August 25, 2017. Dkt. No. 17. The Court granted the motion with leave to amend on October 17, 2017. *See* Dkt. No. 32. Plaintiff subsequently filed the First Amended Complaint on December 28, 2017. Dkt. No. 39 ("FAC"). Defendants filed the instant motion to dismiss on January 11, 2018. Dkt. No. 40. The Court heard argument on the motion on March 29, 2018. For the reasons stated on the record, as recounted below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

**I.     DISCUSSION**

Defendants first seek dismissal of Plaintiff's claims pursuant to *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658 (1978). As a preliminary matter, Plaintiff stipulated at oral argument that there is no viable *Monell* claim as to a custom or policy of excessive force by the City. Defendants' motion is therefore granted as to any such claim. Next, "Plaintiff alleges an official custom on the part of the City of Walnut [C]reek and the [Walnut Creek Police Department] of arresting persons without probable cause, based upon [their] failure to use

1  constitutional procedures . . . to detain citizens with regard to a suspected crime" and "perform
2  [proper] . . . show-ups to identify a suspect for probable cause." FAC ¶ 40. At the pleading stage,
3  this is sufficient to state a *Monell* claim. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d
4  631, 637 (9th Cir. 2012) (holding that allegations of a *Monell* claim "may not simply recite the
5  elements of a cause of action, but must contain sufficient allegations of underlying facts to give
6  fair notice and to enable the opposing party to defend itself effectively," and "must plausibly
7  suggest an entitlement to relief") (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).
8  Defendants' motion is therefore denied as to this claim. Moreover, exercising its discretion under
9  Federal Rule of Civil Procedure 42(b), the Court finds it appropriate to bifurcate trial of Plaintiff's
10 individual claims under section 1983 and his *Monell* claim. Bifurcation will preserve substantial
11 judicial and party resources in the event that the non-municipal Defendants are not found
12 individually liable. For the same reason, under Federal Rule of Civil Procedure 26(c), the Court
13 also stays any and all discovery that pertains exclusively to those derivative liability claims. *See*
14 *Estate of Lopez v. Suhr*, No. 15-cv-01846-HSG, 2016 WL 1639547, at \*6-7 (N.D. Cal. Apr. 26,
15 2016).

16 Last, Defendants seek dismissal of Plaintiff's claims under the Americans with Disabilities
17 Act, 42 U.S.C. §§ 12132 *et seq.* ("ADA"). Defendants' motion is granted as to Plaintiff's ADA
18 claim against the non-municipal Defendants because, as the Court stated in its order on the motion
19 to dismiss the initial complaint, they are not a public entity subject to the statute. Dkt. No. 32 at 8
20 (citing *City & Cnty. of S.F. v. Sheehan*, 135 S. Ct. 1765, 1773 (2015)). Defendants' motion is
21 denied, however, as to Plaintiff's ADA claim against the City. At this stage of the litigation, the
22 Court is required to "construe the pleadings in the light most favorable to the non-moving party,"
23 *see Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), and finds
24 that Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face," *see Bell*
25 *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

26 **II.  CONCLUSION**
27 Accordingly, for the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN**
28 **PART** Defendants' motion as follows:

1. Plaintiff's *Monell* claim, insofar as it is premised on a theory of excessive force, is **DISMISSED WITH PREJUDICE**.
2. Plaintiff's ADA claim against the non-municipal Defendants is **DISMISSED WITH PREJUDICE**.
3. Defendants' motion is **DENIED** as to Plaintiff's *Monell* claim insofar as it is premised on City's alleged identification procedures, and as to Plaintiff's ADA claim against the City.

**IT IS SO ORDERED.**

Dated: 3/30/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge